FILED
SUPERIOR COURT
OF GUAM

2024 MAY -7 PM 2: 26

CLERK OF COURT

# IN THE SUPERIOR COURT OF GUAM



| | |
|---|---|
| **PEOPLE OF GUAM** | **Criminal Case No. CF0732-18** |
| | GPD Case No. 18-34992 |
| vs. | |
| **JOAQUIN MAFNAS BARNES,** | **DECISION AND ORDER** |
| DOB: 11/27/1976 | (Revocation of Probation) |
| Defendant. | |

This matter came before the Honorable Alberto E. Tolentino on January 3, 2024, upon the People of Guam's ("People") Motion to Revoke Probation (Nov. 13, 2023). At the hearing, Public Defender Stephen Hattori appeared on behalf of Defendant Joaquin Mafnas Barnes ("Defendant"), and Assistant Attorney General Renaida San Nicolas appeared on behalf of the People. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following order **GRANTING** the People's Motion.

## BACKGROUND

On December 17, 2018, Defendant was indicted on one count of Possession of a Schedule II Controlled Substance (as a Third Degree Felony). Indictment (Dec. 17, 2018). In October 2019, Defendant entered into a Deferred Plea Agreement with the People to enter the Superior Court's Adult Drug Court I. Defendant's plea agreement includes the following condition:

> Defendant shall serve three (3) years of incarceration at the Department of Corrections. **This period of incarceration shall be suspended, conditioned on successfully completing all conditions and terms of the *deferred* plea, otherwise Defendant shall serve the full three-year term of imprisonment with credit for time served.**

Deferred Plea Agreement at 4 (Oct. 22, 2019) (emphasis in original). Defendant also agreed to several other conditions relevant here, including: enrolling and attending a drug rehabilitation program; reporting to the Probation Office three times per week for drug testing; and not possessing or consuming any illegal controlled substances. *See id.* at 5-6.

Between October 2019 until April 2, 2021, Probation Services alerted the Court to at least eleven (11) violations by Defendant of the terms of his probation. On several occasions, Defendant was cited for failing to report to the Probation Office.[1] Also on several occasions, Defendant was cited for failing to refrain from consuming illegal controlled substances.[2] On April 5, 2021, after receiving Defendant's 11th Violation Report (Apr. 2, 2021), the Court issued a bench warrant for Defendant's arrest. Bench Warrant (April 5, 2021). The warrant was not returned until more than a year later. Return of Warrant Service (May 18, 2022).

On June 29, 2022, Defendant and the People entered into a Stipulated Order Modifying Probation and Transferring Defendant from Adult Drug Court One. Pursuant to the Stipulated Order, Defendant was placed into a traditional five-year probation. The Deferred Plea Agreement's probationary conditions discussed above and the sentence of three (3) years' incarceration, all suspended, were not modified. *See* Stipulated Order at 2 (June 29, 2022). The Stipulated Order also provides "per the plea agreement, Defendant's failure to follow all conditions of probation may result in a hearing to revoke probation, at which time the court may impose the maximum sentence in this case." *Id.* at 3. Defendant signed the Stipulated Order. *Id.*

Since the execution of the Stipulated Order, Probation Services has alerted the Court that Defendant has continued to violate the terms of his probation. On March 7, 2023, Probation Services

---

[1] *See* 1st Violation Report (Jan. 9, 2020); 3rd Violation Report (Feb. 6, 2020); 4th Violation Report (Mar. 5, 2020); 5th Violation Report (Mar. 12, 2020); 6th Violation Report (Nov. 19, 2020); 7th Violation Report (Dec. 3, 2020); 8th Violation Report (Jan. 7, 2021); Amended 9th Violation Report (Feb. 18, 2021); 10th Violation Report (Mar. 19, 2021); 11th Violation Report (Apr. 2, 2021).

[2] *See* 2nd Violation Report (Jan. 23, 2020); 4th Violation Report (Mar. 5, 2020); 10th Violation Report (Mar. 19, 2021).

2

filed a 3rd Violation Report,[3] alleging that Defendant failed to report to the Probation Office to submit to a drug test. On April 13, 2023, Probation Services filed a 4th Violation Report, alleging that Defendant had failed a drug test at the Probation Office and that this result was confirmed by an off-island analysis of his urine sample. On August 16, 2023, Probation Services filed a 5th Violation Report, alleging that Defendant had, *inter alia*, failed to report to the Probation Office for nearly four months. The 5th Violation Report (Aug. 16, 2023) led the Court to issue another bench warrant for Defendant's arrest on August 28, 2023. The warrant was returned on October 19, 2023. *See* Return of Warrant Service (Oct. 19, 2023).

On November 13, 2023, the People filed a Motion to Revoke Probation, arguing that Defendant is no longer a good risk for probation despite being given "at least 15 second chances between all of [his] violation reports." Mot. Revoke at 4 (Nov. 13, 2023).[4]

On December 12, 2023, Defendant filed an Opposition to the People's motion, arguing that the many violation reports "indicate the struggles the defendant has been facing with what comes along with addictions," and that "[t]he only person the defendant has harmed by his course of conduct is himself." Opposition at 2 (Dec. 12, 2023). Defendant therefore requests that the Motion be denied, or at minimum that the Court hold a sentencing hearing to determine whether the maximum sentence contemplated by the plea agreement is appropriate. *Id.* at 3. The Court heard the matter on January 3, 2024, and took the matter under advisement at the conclusion of the hearing.

## DISCUSSION

In Guam, "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. However, "once the state grants that favor, it

---

[3] It appears that with the execution of the Stipulated Order, Probation Services restarted their numbering of the Violation Reports.

[4] The People also note that Defendant has been charged in two other cases since June 2022, both of which involve felony charges, though not drug possession charges. The People assert that their Motion to Revoke is not based on Defendant's other cases, but rather on Defendant's "failure to comply with the many other substantial requirements of his probation." Mot. Revoke at 4. The Court therefore does not take those other cases into consideration here.

3

cannot simply revoke the privilege at its discretion." *Id.* Instead, revocation must comply with 9 GCA § 80.66(a)(2), which provides:

> the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

The Guam Supreme Court has referred to this as a "two-step process." *Camacho*, 2009 Guam 6 ¶ 27. First, the Court must "make a factual determination that a violation of a condition of probation actually has occurred." *Id.* Then, "[i]f a violation is proven, the court must determine if the violation warrants revocation." *Id.*

A. **Defendant Has Violated the Conditions of His Probation**

The Court must first determine whether Defendant has violated his probationary conditions. "The standard of proof required at a probation revocation hearing is that the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30. The decision to revoke probation "must be based on credible evidence," but the defendant "beards the burden of showing an excuse for the failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

Here, the Court has received numerous Violation Reports from Probation Services. Many of these violations involve a failure to report to the Probation Office and/or results from drug testing performed at the Probation Office. Each Violation Report is signed by both a Probation Officer and a Probation Officer Supervisor. The Court finds this to be credible evidence that Defendant has not complied with his probation requirements. On the other hand, Defendant has not offered any

4

evidence to contradict the claims of the Violation Reports or to excuse his violations. The Court therefore finds that Defendant has violated the conditions of his probation.

**B. <u>Defendant's Probation Violations Warrant Revocation</u>**

Next, the Court must determine whether Defendant's probationary violations warrant revocation. Under 9 GCA § 80.66(a)(2), revocation should occur only if doing so would "best satisfy the ends of justice and the best interests of the public."

Based on his extensive record of probation violations, it is clear that Defendant is no longer a good risk for probation. While the Court is sympathetic to Defendant's plight as a recovering addict, this does not excuse his repeated failures to check in with the Probation Office. During his stint in Adult Drug Court, Defendant accrued ten (10) separate Violation Reports which allege a failure to check in with the Probation Office, which was a required term in both the Deferred Plea Agreement and the Stipulated Order. The last of these Violation Reports (11th Violation Report, Apr. 2, 2021) led to the issuance of a bench warrant; Defendant evaded the warrant for more than year, which means he also did not comply with his reporting obligations during that time. And even after the execution of the Stipulated Order, Defendant has continued to fail to check in with the Probation Office. Defendant's 5th Violation Report (Aug. 16, 2023) indicates that Defendant had failed to appear in person at the Probation Office for nearly four months prior to the issuance of that Violation Report. The purpose of probation is to grant an individual an opportunity to rehabilitate under *supervised* release, but this cannot be accomplished where the individual does not submit to supervision.

The Court has been lenient with Defendant, but more than a dozen Violation Reports to date suggests that the Court's prior leniency has not motivated Defendant to change his behavior. There is no evidence before the Court suggesting further leniency will change his behavior this time, either. And while Defendant argues that revocation of probation will hurt Defendant because detained

individuals do not have access to certain addiction treatments, Opposition at 2-3, it is not clear to the Court that Defendant has been taking advantage of those treatments while on release. *See* 5th Violation Report (Aug. 16, 2023) (alleging that Defendant has failed to attend treatment with Guam Behavioral Health and Wellness Center).

Under these circumstances, the ends of justice and the interests of the public would be served by revocation of Defendant's probation. In executing the Deferred Plea Agreement, and again in executing the Stipulated Order, Defendant made a deal: if he complied with his probationary terms, he could avoid three (3) years of incarceration. Defendant is not the only beneficiary of this arrangement; the public also an interest in trusting that those released on probation will comply with their probationary terms. Here, however, Defendant has established a long history of noncompliance with his probation conditions, which also suggests that he is unlikely to comply with his conditions going forward. To excuse Defendant's numerous violations would set a troubling precedent against the necessity of complying with probationary conditions, which in turn would damage the public trust in the probationary system. Revocation is therefore necessary.

## CONCLUSION

Based on the above analysis, the Court **GRANTS** the People's Motion and **REVOKES** Defendant's probation. The Court will schedule a sentencing hearing to give the parties an opportunity to argue whether the three-year term contemplated by the Deferred Plea Agreement and the Stipulated Order remains appropriate under the circumstances.

SO ORDERED this _____ MAY - 7 2024 _____.

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
AG , PDSC
s/7/24
Date: 5/7/24 Time: 2:31pm
Antonio L Cruz
Deputy Clerk, Superior Court of Guam

6